# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DYLAN DONALD TALLMAN,

                      Plaintiff,

v.

R.N. A. ROWIN-FOX,

                      Defendant.

Case No. 20-CV-670-JPS

**ORDER**

      Plaintiff Dylan Tallman, an inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging that Defendant violated his constitutional rights. (Docket #1). This order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and miscellaneous pending motions[1], as well as screens his complaint.

## 1.   MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

      The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability

---

[1] Plaintiff has filed two motions for temporary restraining orders against all Defendants, (Docket #7 and #8), which will be denied because Plaintiff's allegations are about phone privileges and other small alleged infractions that are within the prison's daily functions. *See Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985) ("[I]t is unseemly for federal courts to tell a state or city. . .how to run its prison system.") Additionally, Plaintiff's motion to void his global settlement offer, (Docket #13), will be denied as moot because Plaintiff does not need the Court's approval to void his global settlement offer. Lastly, Plaintiff has filed a third motion for a temporary restraining order. (Docket #14). However, the motion does not actually request any relief from the Court. Instead, it provides a narrative of grievances regarding two magazines that are not parties to this litigation. Thus, the Court will deny the motion.

to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On June 4, 2020, the Court waived Plaintiff's payment of an initial partial filing fee. (Docket #6). The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. (Docket #2). He must pay the $350 filing fee over time in the manner explained at the end of this order.

2.      **SCREENING THE COMPLAINT**

   2.1    **Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual

content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff alleges that on January 29, 2020, while he was incarcerated at Dodge Correctional Institution, Defendant R.N. A. Rowin-Fox ("Rowin-Fox") refused to give him his court ordered medication. (Docket #1 at 2). Specifically, Rowin-Fox asked Plaintiff which medications he wanted. Plaintiff asked, "are these my meds?" Rowin-Fox responded yes. Plaintiff stated, "just give me my pills" and Rowin-Fox walked away telling Plaintiff that his statement was a refusal. (*Id.*) Plaintiff claims that as a result of being denied his medication, he was put in segregation where Plaintiff cut open one of his arteries, which required an ambulance to take him to the hospital. (*Id.* at 2–3).

Plaintiff submitted a conduct report to support his complaint. (Docket #1–1). However, the report slightly contradicts Plaintiff's allegations. In particular, the report incident description states that Rowin-Fox asked Plaintiff three times if he wanted his medication and Plaintiff

ignored her. (*Id.*) Then Plaintiff stated, "in a[n] aggressive manner 'give me my meds.'" (*Id.*) Rowin-Fox backed away from Plaintiff's cell and told him "no." (*Id.*) In response, Plaintiff stated, "give me my fucking meds, they are court order[ed]." (*Id.*)

**2.3    Analysis**

Plaintiff's allegation invokes his rights under the Eighth Amendment, which secures an inmate's right to medical care.[2] Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quotation omitted). To sustain such a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, Plaintiff must show: (1) an objectively serious medical condition; (2) that defendant knew of the condition and was deliberately indifferent in treating it; and (3) this indifference caused him some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference inquiry has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Deliberate indifference equates to intentional or reckless conduct, not mere negligence. *Berry*, 604 F.3d at 440. "Neither

---

[2] It is unclear from Plaintiff's allegations whether he should be viewed as a convicted prisoner or a pretrial detainee for purposes of a Section 1983 claim. Although he was being held at a prison, he claims he has not been charged yet with any crimes because he is not competent to stand trial. Prisoners are protected by the Eighth Amendment's prohibition on cruel and unusual punishment, while pretrial detainees are governed by the Fourteenth Amendment's due process clause. For now, the Court finds that Plaintiff could proceed even under the more stringent standard provided by the Eighth Amendment, and will analyze the claim under that standard. What the appropriate standard is must be addressed by the parties in dispositive motion practice or at trial. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 350–54 (7th Cir. 2018).

medical malpractice nor mere disagreement with a doctor's medical judgment is enough to prove deliberate indifference." *Id.* at 441.

The denial of Plaintiff's medication one time might ultimately be explained as mere negligence or the result of a considered treatment decision by his care providers. However, at the present stage, the Court, generously construing Plaintiff's allegations, finds that he states an actionable claim.

3.   **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Defendant's deliberate indifference to Plaintiff's serious medical condition in violation of the Eighth Amendment.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motions for temporary restraining orders (Docket #7, #8, and #14) be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to void his global settlement offer (Docket #13) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendant R.N. A. Rowin-Fox;

**IT IS FURTHER ORDERED** that Defendant R.N. A. Rowin-Fox shall file a responsive pleading to the complaint within 60 days;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this order; and

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[3] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Plaintiffs who are inmates at all other prison facilities must

---

[3] The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 25th day of November, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge